UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

AMY BLEILE,
an individual,

    Plaintiff,

CASE NO: 2:16-CV-00027

vs.

FUNHUNTERS, LLC,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, Amy Bleile ("Plaintiff") by and through the undersigned counsel, hereby files this Amended Complaint and sues Funhunters, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Eastern District of Wisconsin pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Wisconsin.

3. Plaintiff, Amy Bleile (hereinafter referred to as "Bleile") is a resident of Whitewater, Wisconsin and is a qualified individual with a disability under the ADA. Bleile suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from cerebral palsy and requires the use of a wheelchair for mobility and has limited use of

her upper extremities. Prior to instituting the instant action, Bleile visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Bleile continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, Funhunters, LLC, is a limited liability company registered to do business and, in fact, conducting business in the State of Wisconsin. Upon information and belief, Funhunters, LLC, (hereinafter referred to as "Funhunters") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically: 841 Brewhouse located at 841 East Milwaukee Street in Whitewater, Wisconsin (hereinafter referred to as "Restaurant").

5. All events giving rise to this lawsuit occurred in the Eastern District of Wisconsin.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned by Funhunters is a place of public accommodation in that it is a restaurant operated by a private entity that provides goods and services to the public.

8. Defendant, Funhunters, has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal

enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at Restaurant owned by Funhunters. Prior to the filing of this lawsuit, Plaintiff personally and regularly visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers listed in Paragraph 11, below, that the Plaintiff personally encountered. In addition, Plaintiff continues to desire and intends to visit the Restaurant, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Restaurant in violation of the ADA. Bleile has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. Funhunters is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

    i. There are an insufficient number of accessible parking spaces in the parking area,

    ii. The existing accessible parking spaces have no access aisles,

    iii. The bar is out of reach for a wheelchair user,

      iv.      There is no accessible table for a wheelchair user in the bar area,

      v.      There is no accessible table for a wheelchair user in the outdoor dining area,

      vi.      The restrooms have no accessible signage,

      vii.      The lavatory is too low with insufficient knee clearance for a wheelchair user in the women's restroom,

      viii.      The hot water and drain pipes are not insulated at the lavatory in the women's restroom,

      ix.      The accessible toilet compartment is too narrow for a wheelchair user.

12. There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by Funhunters that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Funhunters was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Funhunters has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Funhunters pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Funhunters, LLC, and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 11th day of February 2016.

Respectfully submitted,

By:    /s/ Michael A. Chester
       Michael A. Chester, Esq.
       Bar No.: ASB-3904-L74C

**OF COUNSEL:**
Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:   (205) 822-2701
Facsimile:   (205) 822-2702
Email:   mchester@szalaw.com

5

Case 2:16-cv-00027-DEJ   Filed 02/11/16   Page 5 of 5   Document 4